Brian J. Lawler SBN 221488
**PILOT LAW, P.C.**
850 Beech Street, Suite 713
San Diego, California 92101
Telephone: (619) 255-2398
*blawler@pilotlawcorp.com*

*Attorney for Matthew James*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW JAMES, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>TIFFANY MUSIC ACADEMY, a California Limited Liability Company,<br><br>    Defendant. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>**(1) VIOLATIONS OF 38 U.S.C. §4301 *ET SEQ*;**<br><br>**(2) VIOLATIONS OF CALIFORNIA MILITARY AND VETERANS CODE §394**<br><br>**FILING FEE WAIVED PER 38 U.S.C. § 4323(h)**<br><br>DEMAND FOR JURY TRIAL |

Plaintiff, MATTHEW JAMES, hereby complains against Defendant, TIFFANY MUSIC ACADEMY, a California Limited Liability Company, as follows:

## PARTIES AND JURISDICTION

1. This Complaint is brought pursuant to the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. §§ 4301 *et seq*. ("USERRA"), California Military and Veterans Code §§ 394-395 ("MVC"), and Federal and State common law.

2. Count I of this Complaint arises under USERRA. The jurisdiction of this court is founded on federal question jurisdiction, 28 U.S.C. §1331, as conferred by 38 U.S.C. §4323(b)(3).

3. Count II of this Complaint arises under MVC § 394. The jurisdiction of this court as to this Count is conferred by 28 U.S.C. §1367(a).

4. Pursuant to 4323(h), "No fees or court costs may be charged or taxed against any person claiming rights under [USERRA]."

5. At all times herein mentioned, Plaintiff, Matthew James ("Plaintiff") is a citizen of the United States and was a resident of the County of Los Angeles within the State of California. The underlying incident herein occurred in the City of Los Angeles, County of Los Angeles, State of California. Plaintiff applied for initial employment with Defendant, Tiffany Music Academy ("TMA" or "Defendant") and was a member of the United States Army Reserve ("USAR") as a Specialist (paygrade E-4).

6. At all times herein mentioned, Plaintiff was a qualified employee and member of the uniformed services for purposes of 38 U.S.C. §4303(3), (9), and (16).

7. Plaintiff is informed and believes that Defendant is incorporated under the laws of California and has its principal place of business at 3272 Motor Avenue, Unit D, Los Angeles, California 90034. Defendant's registered agent for service of process is listed by the California Secretary of State as Tiffany Anne Bobb, at 1906 W. 1st Street, San Pedro, California 90732.

8. At all times relevant to the causes-of-action asserted herein, the Defendant has had continuing and systematic contacts with the State of California and is doing business in California, by among other things: maintaining its principal place of business in the state of California, advertising to consumers in the state of California, and recruiting California residents for employment inside the state.

9. Whenever and wherever reference is made to individuals who are not named as a defendant in this action, but were employees/agents of defendant, or any of them herein, Plaintiff is informed and believes that such individuals at all times acted on behalf of defendant named in this action within the scope of their respective employments and agencies.

## VENUE

10. At all times material to this incident, Defendant was incorporated under the laws of California and is doing business in and throughout the Central District of California.

11. Venue in this case is proper in the Central District of California by virtue of 28 U.S.C. §1391(a)(1)(2) and/or (3), and 38 U.S.C. §4323(c)(2). As a corporation, Defendant is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. 28 U.S.C. §1391(c). Therefore, Defendant is subject to personal jurisdiction in the Central District of California for venue purposes, it is deemed to reside in the Central District of California.

## FACTUAL BACKGROUND

12. Plaintiff re-alleges and incorporates herein by reference each and every allegation contained within paragraphs 1 through 11, inclusive, as though set forth at length herein and made a part hereof.

13. On or about July 11, 2022, Plaintiff interviewed for a position with TMA as a music teacher. On July 11, 2022, a TMA employee, Ms. Frances Wu wrote an email to Plaintiff in which she offered Plaintiff the position of Senior Instructor with TMA. Ms. Wu told Plaintiff his first day of work would be July 16, 2022, with training days on Wednesdays and Saturdays. Ms. Wu attached an offer letter to her email.

14. On July 11, 2022, Plaintiff emailed Ms. Wu and told her he would review, sign and return the offer letter. Plaintiff also told Ms. Wu he would be on Army Reserve duty until July 17 and therefore unable to begin his employment on July 16, and further indicated he would have ongoing military service obligations and offered to provide TMA with the dates of those obligations.

15. On July 14, 2022, Ms. Wu emailed Plaintiff and wrote: "After discussion with admin, we've decided to not proceed with your employment after all. As much as we think you'd be a wonderful fit for our school and student demographic, the frequency of

absences would adversely affect school operations and your student roster. We are looking for someone who can commit to every Saturday consistently."

16. TMA did not hire Plaintiff for the Senior Instructor position. Plaintiff's military service obligations were not just a substantial or motivating factor in TMA's decision not to hire him, they were the only factor.

## FIRST CAUSE OF ACTION
## Violations of 38 U.S.C. §4301 *et seq.*

17. Plaintiff hereby alleges and incorporates all paragraphs 1-16 above by reference herein.

18. USERRA prohibits "discrimination against persons because of their service in the uniformed services." 38 U.S.C. §4301(a)(3).

19. Plaintiff's protected status with the USAR was a substantial and motivating factor in Defendant's denial of Plaintiff's benefits of employment without good cause, including but not limited to, failing to offer him initial employment.

20. Section 4311 of USERRA protects persons who serve in the uniformed services from acts of discrimination and reprisal; for example, a person who is "a member of, performs, has performed…or has an obligation to perform service in a uniformed service shall not be denied *initial employment*… or…any benefit of employment by an employer on the basis of that membership…performance of service, or obligation." 38 U.S.C. §4311(a) (italics added).

21. "An employer shall be considered to have engaged in actions prohibited…if the persons' membership, service…or obligation for service in the uniformed services is a motivating factor in the employer's action…" 38 U.S.C. §4311(c)(1).

22. Benefit is defined as:
The term 'benefit', 'benefit of employment', or 'rights and benefits' means the terms, conditions, or privileges of employment, including any advantage, profit, privilege, gain, status, account, or interest (including wages or salary for work performed) that accrues by reason of an employment contract or agreement or an employer policy, plan, or practice

and includes rights and benefits under a pension plan, a health plan, an employee stock ownership plan, insurance coverage and awards, bonuses, severance pay, supplemental unemployment benefits, vacations, and the opportunity to select work hours or location of employment."

38 U.S.C. §4303(2).

23. Defendant knowingly and willfully violated USERRA by, among other ways, discriminating against Plaintiff, and failing to offer him initial employment because of his military service obligations.

24. As a direct and proximate result of the conduct of Defendant as set forth in this count, Plaintiff has suffered injuries and damages including and not limited to, loss of past earnings and benefits, and loss of future earnings and benefits, all to his damage in an amount to be proven at trial.

25. Plaintiff alleges such violations of USERRA were willful and requests liquidated damages in an amount equal to the amount of his lost wages and other benefits pursuant to 38 U.S.C. §4323(d)(1)(C).

26. Pursuant to 38 U.S.C. §4323(h), Plaintiff further requests an award of reasonable attorney's fee, expert witness fees, and other litigation expenses.

## SECOND CAUSE OF ACTION

## Violations of California Military and Veterans Code §394

27. Plaintiff hereby alleges and incorporates all paragraphs 1-26 above by reference herein.

28. Plaintiff brings this claim under California state law with federal court jurisdiction being conferred by 28 U.S.C. §1367(a).

29. MVC §394 provides that no person shall discriminate against any member of the military or naval forces of the United States because of that membership. Section 394 also provides that no employer or person shall discharge any person from employment because of the performance of any ordered military duty, or prejudice or harm him in any manner in his employment, position, or status by reason of performance of military service or duty.

30. A motivating factor in Plaintiff's failure to be offered initial employment was his military service obligations, in violation of §394.

31. Defendant did not offer Plaintiff initial employment because of his membership in the USAR.

32. As a direct and proximate result of the conduct of Defendant as set forth in this count, Plaintiff has suffered injuries and damages including but not limited to, loss of past and future earnings, loss of past and future benefits, all to his damage in an amount to be proven at trial.

33. Pursuant to MVC §394(g), Plaintiff requests an award of attorneys' fees against defendant, and each of them.

## PRAYER FOR RELIEF

**WHEREFORE**, based on the foregoing, Plaintiff prays for relief against Defendant as follows:

1. Declare that the acts and practices complained of herein are unlawful and are in violation of USERRA, 38 U.S.C. § 4301, *et seq.*, and MVC § 394;

2. Require that Defendant fully comply with the provisions of USERRA and MVC by providing Plaintiff all employment benefits denied to him as a result of the unlawful acts and practices under USERRA and MVC described herein;

3. Fees and expenses, including attorneys' fees and costs pursuant to 38 U.S.C. §4323(h) and MVC §394(g), respectively;

5. Award Plaintiff prejudgment interest on the amount of lost wages or employment benefits found due;

6. Order that Defendant pays compensatory and/or liquidated damages in an amount equal to the amount of lost compensation and other benefits suffered by reason of Defendant's willful violations of USERRA;

7. Grant an award for costs of suit incurred; and,

8. Grant such other and further relief as may be just, and proper and which Plaintiff may be entitled to under all applicable laws.

Dated:  August 19, 2022

Respectfully Submitted,
PILOT LAW, P.C.

By:  /s/ *Brian J. Lawler*
BRIAN J. LAWLER
Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury of all issues triable as of right by a jury in the above action.

Dated:  August 19, 2022

Respectfully Submitted,
PILOT LAW, P.C.

By:  /s/ *Brian J. Lawler*
BRIAN J. LAWLER
Attorneys for Plaintiff